# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 700 | **DATE** | 9/12/2002 |
| **CASE TITLE** | USA/ex rel. JAMES KOCH vs. WARDEN JERRY STERNES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Status hearing held and continued to ½/03 at 9:00 a.m. Petitioner's brief to be filed by 10/10/02. Respondent's answer to be filed by 10/31/02. Reply to be filed by 11/14/02. Enter Memorandum Opinion And Order. Koch's petition for writ of habeas corpus is timely, and respondent's motion to dismiss is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order. |

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | SEP 16 2002 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT\
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JAMES KOCH, )<br>)<br>) | |
| Petitioner, )<br>) | Case No. 02 C 700 |
| v. )<br>) | Honorable John W. Darrah |
| WARDEN JERRY STERNES, )<br>) | |
| Respondent. ) | |

**DOCKETED**
**SEP 1 6 2002**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on prisoner James Koch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Jerry Sternes ("Respondent"), Warden of the Dixon Correctional Center in Dixon, Illinois, where Koch is in custody. Respondent has moved to dismiss Koch's petition as untimely. For the following reasons, Respondent's Motion to Dismiss is denied.

## BACKGROUND

Following a jury trial, Koch was convicted of first-degree murder and sentenced to thirty-five years' imprisonment on August 26, 1997. Koch appealed his conviction and sentence to the Illinois Appellate Court, which was affirmed on September 28, 1998. Koch did not file a petition for leave to appeal his conviction and sentence to the Illinois Supreme Court.

On April 13, 1999, Koch filed a *pro se* petition for post-conviction relief, which the trial court denied on July 20, 1999. Koch appealed the denial of his petition for post-conviction relief to the Illinois Appellate Court, which affirmed the trial court on March 2, 2001. Koch filed a petition for leave to appeal the denial of his petition for post-conviction relief to the Illinois Supreme



Court, which was denied on June 6, 2001.

On January 28, 2002, Koch filed a petition for writ of habeas corpus. On February 15, 2002, Koch filed an amended petition for writ of habeas corpus, raising the following grounds: (1) he was interrogated by the police after requesting counsel in violation of the Fifth Amendment; (2) he was denied due process when a juror slept through portions of the trial but was not replaced; (3) trial counsel was ineffective for failing to demonstrate the victim's propensity for violence, tender jury instructions for involuntary and voluntary manslaughter, present exculpatory evidence, and to make certain objections at trial.

Respondent filed a Motion to Dismiss. Counsel was then appointed to represent Koch.

## LEGAL STANDARD

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2002). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citations

omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

Respondent argues that Koch's petition for writ of habeas corpus should be dismissed because Koch filed his petition after the one-year statute of limitations expired. Respondent argues that the 175 days that elapsed between the date that Koch's conviction became final, October 19, 1998, and the date that Koch filed his post-conviction petition should be applied toward the statute of limitations because Koch had no collateral litigation "pending" during those 175 days which would otherwise toll the statute. Thus, Respondent argues, Koch's habeas petition is untimely because 410 days had passed between the date his conviction became final and the date that he filed his habeas petition after the exclusion of the period during which his post-conviction petition was "pending".

Section 2244(d)(1) provides that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Respondent's argument is identical to that of the state of California in *Carey v. Saffold*, -- U.S. --, 122 S. Ct. 2134 (2002). California argued that:

> an application for state collateral review is not "pending" in the state courts during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court . . . [under the] rationale . . . that . . . during this period of time, the petition is not under court consideration.

*Saffold*, 122 S. Ct. at 2138.

The United States Supreme Court rejected that interpretation of "pending" because such an interpretation would violate the Anti-Terrorism and Effective Death Penalty Act's goal of promoting comity, finality and federalism "by encouraging state prisoners to file federal habeas petitions *before* the State completes a full round of collateral review." *Saffold*, 122 S. Ct. at 2138. The Supreme Court reasoned that "[t]his would lead to great uncertainty in the federal courts, requiring them to contend with habeas petitions that are in one sense unlawful (because the claims have not been exhausted) but in another sense *required* by law (because they would otherwise be barred by the 1-year statute of limitations)." *Saffold*, 122 S. Ct. at 2138.

Thus, the Supreme Court held that "an application is pending as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Saffold*, 122 S. Ct. at 2138. This includes the time between the lower state court's decision and the filing of a notice of appeal or petition for collateral review to a higher state court. *Saffold*, 122 S. Ct. at 2138.

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its deliver, the court and office in which it must be lodged, and the requisite filing fee. . . . But in

-4-

> common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal citations and footnote omitted); *see also Smith v. Walls*, 276 F.3d 340, 344 (7th Cir. 2002) (holding that a successive post-conviction petition that is later dismissed as procedurally barred is "properly filed" if it complies with the state's formal filing requirements).

A petition for post-conviction relief will be "properly filed" if it complies with Illinois's formal filing requirements. The Illinois Post-Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-1(a) (2002), provides for proceedings for imprisoned persons who assert that there was a substantial denial of their rights under the United States or Illinois constitutions, or both, in the proceedings that resulted in their convictions. The Post-Conviction Hearing Act also provides that such actions shall not be commenced

> more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, *unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*

§ 5/122-1(c) (emphasis added).

Koch had from the earlier of three years from the date of his conviction or six months after the date for filing a petition for leave to appeal his conviction and sentence to the Illinois Supreme Court to file his petition for post-conviction relief. The earlier of the two is April 19, 1999, six months after the date for filing a petition for leave to appeal his conviction and sentence. Koch filed his petition for post-conviction relief on April 13, 1999. Thus, his post-conviction petition was

"properly filed" because it complied with the formal filing requirements of the Post-Conviction Hearing Act.

Koch's petition for leave to appeal the denial of his petition for post-conviction relief was denied by the Illinois Supreme Court on June 6, 2001. Koch's "properly filed" petition for post-conviction relief was "pending" until June 6, 2001. *See Saffold,* 122 S. Ct. at 2138. Thus, under § 2244(d)(2), the one-year statute of limitations was tolled until June 6, 2001. *See Saffold,* 122 S. Ct. at 2138. Koch was required to file a petition for writ of habeas corpus by June 6, 2002. Koch filed his original petition for writ of habeas corpus on January 28, 2002, well before the time for filing such a petition had expired. Therefore, Koch's petition for writ of habeas corpus is timely, and Respondent's Motion to Dismiss is denied.

## CONCLUSION

For the reasons stated herein, Jerry Sternes' Motion to Dismiss is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: September 12, 2002