# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 700 | **DATE** | 12/5/2002 |
| **CASE TITLE** | James Koch vs. Warden Jerry Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Jerry Sternes motion for reconsideration is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 6 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SLB | courtroom deputy's initials | 02 DEC -5 PM 1:58 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| ex rel. JAMES KOCH, | ) | |
| | ) | Case No. 02 C 700 |
| Petitioner, | ) | |
| | ) | Honorable John W. Darrah |
| v. | ) | |
| | ) | |
| WARDEN JERRY STERNES, | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
DEC 06 2002

## MEMORANDUM OPINION AND ORDER

Respondent, Jerry Sternes ("Respondent"), Warden of the Dixon Correctional Center in Dixon, Illinois, where Petitioner, James Koch ("Petitioner"), is in custody, filed a Motion to Reconsider, arguing that this Court's interpretation of *Carey v. Saffold*, - - U.S. - -, 122 S. Ct. 2134 (2002), is at odds with the Court of Appeals for the Seventh Circuit's interpretation of *Saffold* in *Brooks v. Walls*, 301 F.3d 839 (7th Cir. 2002). For the reasons that follow, Respondent's Motion to Reconsider is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## ANALYSIS

Respondent requests this Court to reconsider its decision of September 12, 2002. In a Memorandum Opinion and Order, this Court denied Respondent's Motion to Dismiss and held that a petition for post-conviction relief tolled the statute of limitations under 28 U.S.C. § 2244(d)(2) and *Saffold*. Respondent filed this Motion to Reconsider based on the subsequent ruling in *Brooks v. Walls*, 301 F.3d 389 (7th Cir. 2002). Respondent argues that, in *Brooks*, the Court of Appeals for the Seventh Circuit interpreted *Saffold* as counting the time after a direct appeal is final but before a petition for post-conviction relief has been filed against the one-year statute of limitations.

Contrary to Respondent's interpretation, the Seventh Circuit in *Brooks*, citing *Saffold*, held that "to be 'properly filed' an application for collateral review in state court must satisfy the state's timeliness requirements." *Brooks*, 301 F.3d at 841. In addition, the Seventh Circuit in *Brooks* did not disagree with *Saffold*'s interpretation of "pending" as used in § 2244(d)(2) as it applies to collateral review in Illinois. In *Brooks*, the Seventh Circuit held that Brooks' petition for post-conviction relief was not "properly filed" because it did not comply with Illinois's timeliness

requirements as set forth in section 5/122-1(c) and, therefore, could not toll the one-year statute of limitations under § 2244(d)(2)[1]. *Brooks*, 301 F.3d at 841.

As set out in this Court's earlier Memorandum Opinion and Order dated September 12, 2002, the petition for collateral review was within the time required under Illinois law.[2] Therefore, Respondent's Motion to Reconsider is denied.

## CONCLUSION

For the reasons stated herein, Jerry Sternes' Motion to Reconsider is denied.

**IT IS SO ORDERED.**

Date: December 5, 2002

John W. Darrah, Judge
United States District Court

---

[1]Section 2244(d)(1) provides that:
A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

[2]"[Illinois's] timeliness rule is quantitative (six months from the end of the direct appeal or three years from the conviction, whichever is sooner) . . . ." *Brooks*, 301 F.3d at 841.

-3-