Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 700 | **DATE** | 7/9/2003 |
| **CASE TITLE** | JAMES KOCH vs. JERRY STERNES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 7/9/03 is vacated. Enter Memorandum Opinion And Order. James Koch's amended petition for Writ of Habeas Corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL -9 PM 6:21 | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

| | |
|---|---|
| JAMES KOCH, ) | |
| ) | Case No. 02 C 700 |
| Petitioner, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| JERRY STERNES, Warden of the ) | |
| Dixon Correctional Center, ) | |
| ) | |
| Respondent. ) | |

DOCKETED JUL 1 0 2003

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on prisoner James Koch's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Jerry Sternes ("Respondent"), Warden of the Dixon Correctional Center in Dixon, Illinois, where Koch is in custody. For the reasons that follow, Koch's Petition is denied.

## BACKGROUND

The following facts are taken from the Rule 23 Order of Illinois Appellate Court attached as Exhibit A to Respondent's answer ("the Rule 23 Order").

On November 26, 1996, Koch returned home after visiting his family in Ottawa, Illinois. Koch went to a bar across the street where he had several beers. When he went home, Koch and the victim quarreled because Koch had heard rumors that the victim was being unfaithful to him and he believed that she had cashed his paycheck. After the argument, the victim was shot in the head. Koch asked the bartender at the bar where he had been drinking earlier that night to call the police because the victim had shot herself.

The officers who arrived at the scene of the crime noticed that the victim was lying in the

bedroom with a gunshot wound to the left side of her head and the gun near her left hand. The responding officers also noticed that the bedroom was in disarray. In speaking to various police officers in the hours immediately following the shooting, Koch gave numerous and varied accounts of how the shooting occurred. However, the statement of facts in the Rule 23 Order does not indicate that Koch requested the assistance of counsel during any of his interviews with the police.

Following a jury trial, Koch was convicted of first-degree murder and sentenced to thirty-five years' imprisonment on August 26, 1997. Koch appealed his conviction and sentence to the Illinois Appellate Court, which were affirmed on September 28, 1998. Koch did not file a petition for leave to appeal his conviction and sentence to the Illinois Supreme Court.

On April 13, 1999, Koch filed a *pro se* petition for post-conviction relief, arguing that: (1) he was interrogated by the police after requesting counsel in violation of the Fifth Amendment; (2) the trial court abused its discretion by denying his request for an alternate juror after one of the jurors was discovered sleeping during the trial; (3) he received inadequate assistance of counsel where trial counsel failed to present any witnesses to show the victim had a propensity for violence, failed to tender instructions for involuntary and voluntary manslaughter, failed to object to the admission into evidence of a second police report, failed to present any expert testimony as to fingerprint evidence on the murder weapon, and prejudiced the petitioner with a misleading demonstration of cocking and firing the murder weapon; (4) the trial court erred by denying his Motion to Quash Arrest and Suppress Statements and Evidence and his Motion in Limine to Bar the State from Introducing Other Crimes Evidence; (5) he was denied a fair trial where the prosecutor's closing argument referred to blood spatters and smears when no such evidence was presented; and (6) he was denied a fair trial by expert testimony of Dr. Edmund Donoghue. In support of his post-conviction petition, Koch

submitted an affidavit by his sister in which she stated that she called the police station on three separate occasions on November 27 and 28, 1996, and was told by the police that Koch did not require a lawyer. The trial court dismissed his post-conviction petition on July 20, 1999, holding that Koch's claims were barred by the doctrine of waiver because he failed to raise them in a direct appeal.

Koch appealed the denial of his petition for post-conviction relief to the Illinois Appellate Court. That appeal presented two questions for review: (1) whether the trial court abused its discretion in summarily dismissing the petition and (2) whether the trial court abused its discretion by relying on the waiver doctrine and refusing to address the merits of the post-conviction petition. The Illinois Appellate Court noted that "[o]n appeal, [Koch] raises only the denial of his right to counsel, while seeking to raise the issue of ineffective assistance for the first time." (Answer Ex. E at 3.) The Illinois Appellate Court affirmed the trial court on March 2, 2001, holding that Koch's claim that his Fifth Amendment right to counsel was violated was unsupported because he failed to provide any evidence that the police violated his right to counsel or that his inculpatory statements were involuntary.

Koch filed a *pro se* petition for leave to appeal the denial of his petition for post-conviction relief to the Illinois Supreme Court, raising the following issues: (1) that he was denied his right to counsel when he was interrogated by the police after he requested the assistance of counsel, (2) that he was denied a fair trial when the trial court refused to replace a juror who was sleeping during the trial, (3) trial counsel failed to present evidence of the victim's propensity for violence, (4) trial counsel failed to tender a jury instruction for involuntary manslaughter, (5) trial counsel failed to object to the admission into evidence of a second police report, (6) trial counsel failed to present

expert testimony regarding fingerprint evidence, and (7) a claim of ineffective assistance of appellate counsel where appellate counsel failed to raise those issues as well as the issue of the prosecutor's improper closing argument. On June 6, 2001, the Illinois Supreme Court denied Koch's petition for leave to appeal without opinion.

On January 28, 2002, Koch filed a petition for writ of habeas corpus. On February 15, 2002, Koch filed an amended petition for writ of habeas corpus, raising the following grounds: (1) he was denied due process when a juror slept through portions of the trial but was not replaced; (2) trial counsel was ineffective for failing to demonstrate the victim's propensity for violence, tender jury instructions for involuntary and voluntary manslaughter, present exculpatory evidence, and make certain objections at trial; and (3) he was interrogated by the police after requesting counsel in violation of the Fifth Amendment.

Respondent filed a Motion to Dismiss. Counsel was then appointed to represent Koch. In a Memorandum Opinion and Order dated September 12, 2002, the Court denied Respondent's Motion to Dismiss. Respondent then filed a Motion to Reconsider, which was denied on December 5, 2002. Respondent then answered Koch's habeas petition. Koch did not file a reply to Respondent's answer.

## LEGAL STANDARD

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2002). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and

unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citations omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

When he appealed the denial of the post-conviction petition, Koch did not cite the following grounds, which are part of the bases of this habeas petition: (1) that he was denied a fair trial when the trial court refused to replace a juror who was sleeping during his trial and (2) his assorted claims of ineffective assistance of trial counsel. Thus, Koch's failure to present these claims in his appeal to the Illinois Appellate Court has resulted in a procedural default of those claims. *O'Sullivan*, 526 U.S. at 845. Once procedural default has been established, a petitioner may still present those claims in federal court if he can demonstrate (1) cause for his default and (2) actual prejudice as a result of the alleged violations of federal law. *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Koch can show cause "by showing that 'some objective factor external to the defense impeded [his]

-5-

efforts to comply with the State's procedural rule.'" *United States ex rel. Taylor v. Barnett*, 109 F. Supp. 2d 911, 920 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Alternatively, a petitioner can present his claims if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995), a fundamental miscarriage of justice has occurred when the petitioner can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Schlup*, 513 U.S. at 327. "Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (citing *Schlup*, 513 U.S. at 316).

Koch has not demonstrated any objective factor external to his defense that impeded his efforts to present the procedurally defaulted grounds for relief to the Illinois Appellate Court. Moreover, Koch has not presented any new evidence that would suggest that he is innocent. Therefore, Koch has not made a showing sufficient to survive a procedural default.

Only Petitioner's claim (3) is properly before this Court: whether Koch was denied his Fifth Amendment right to counsel when the police continued to interrogate him after he requested assistance of counsel.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. The United States Supreme Court has held that the Fifth and Fourteenth Amendments provide an accused with the right to the presence of

counsel during a custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). If an accused requests counsel, "the interrogation must cease until an attorney is present." *Miranda v. Arizona*, 384 U.S. 436, 474 (1966).

In affirming the trial court's dismissal of his claim that he was denied his Fifth Amendment right to counsel, the Illinois Appellate Court reasoned that:

> the alleged denial of his right to counsel . . . is unsupported and without merit. Other than a conclusory allegation, [Koch] provides no specifics regarding his alleged requests for a lawyer. He does not state how many times, or even to whom or when, he asked to contact a lawyer. Furthermore, [Koch] concedes that he was never handcuffed at the police station, and he never even claims that he wanted to leave or stop the questioning but was prevented from doing so.
> Although [Koch] relies on the affidavit from his sister, it fails to support his claim that he was denied the right to counsel. [Koch] does not assert that his sister provided a lawyer who was denied access to him nor does his sister make such a claim in her affidavit. Even including [his sister's] affidavit, [Koch] fails to show any conduct by the police that affirmatively interfered with his access to a lawyer.
> . . .
> Here, no lawyer was retained by [Koch's] sister. . . . [Koch's sister's] affidavit notwithstanding, [Koch] has not provided anything to show that the police violated his right to counsel or that his inculpatory statements were anything other than voluntary.

(Answer Ex. E at 5-7.)

Thus, there is no evidence to suggest that the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or relied on an unreasonable reading of the facts in light of the evidence presented. Therefore, Koch's Amended Petition for Writ of Habeas Corpus is denied.

## CONCLUSION

For the reasons stated herein, James Koch's Amended Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED.**

                                                                John W. Darrah, Judge
                                                                United States District Court

Date: July 9, 2003